### KUBERSKY v. SOHON.

(Supreme Court, Appellate Division, First Department. November 13, 1913.)

SALES (§ 316*)—SALE BY SAMPLE—REJECTION—OWNERSHIP.

Where plaintiff sold defendant certain belts by sample, part of which were accepted, and the balance rejected, as not conforming to the sample, and left in the hands of an express company, and plaintiff recovered only.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the belts accepted, he was entitled to receive back those in the hands of the express company, and it was error to award them to defendant.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 890–895; Dec. Dig. § 316.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max Kubersky against Benjamin Sohon. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Modified and affirmed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Samuel Perlo, of New York City, for appellant.
Bershad & Gossett, of New York City, for respondent.

SEABURY, J.   Plaintiff sues to recover damages for breach of contract. Part of the goods which the plaintiff sold to the defendant was received by the defendant, and it is conceded that for these goods the defendant is indebted to the plaintiff in the sum of $3.75. The balance of the goods, which the plaintiff claims the defendant ordered and refused to accept, was proven not to conform to the sample according to which they were sold. The court should therefore have awarded judgment for the plaintiff for $3.75.

The court below, however, not only awarded judgment for the plaintiff for $3.75, but provided in the judgment that the "defendant is entitled to the belts now in the possession of [the express] company." The court had no authority to provide as to the ownership of the belts, and if the plaintiff was not entitled to recover from the defendant the damages alleged to have been sustained by the failure of the defendant to accept the goods, it follows as a matter of course that the plaintiff was entitled to receive back from the express company the goods which the plaintiff attempted to deliver to the defendant.

·Judgment modified, by striking out the words "defendant is entitled to the belts now in the possession of company," and, as modified, affirmed, with $10 costs to appellant. All concur.